UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                                    Chapter 11

BERTUCCI'S RESTAURANTS, LLC,                              Case No. 6:22-bk-04313-GER

    Debtor.
_____/

**GRISWOLD MALL ASSOSCIATES, LLC'S MOTION FOR ORDER COMPELLING DEBTOR TO TIMELY PERFORM OBLIGATIONS UNDER THE LEASE AGREEMENT**

Creditor, Griswold Mall Associates, LLC f/k/a Griswold Mall Associates Limited Partnership ("Landlord"), through its undersigned attorney, and pursuant to § 365(d)(3) of the Bankruptcy Code[1] ("Bankruptcy Code"), moves for the entry of an order requiring the Debtor, Bertucci's Restaurants, LLC. ("Debtor") to timely perform its obligations under an unexpired lease of nonresidential real property ("Motion") and for additional relief under the terms of the Lease (as defined herein), and as grounds therefor state:

**Factual Background**

1. On December 5, 2022 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. No trustee has been appointed and the Debtor has continued to operate its business as a debtor-in-possession.

2. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). This Motion is made pursuant to 11 U.S.C. § 365(d)(3) and Rule 6006, Federal Rules of Bankruptcy Procedure.

3. The Landlord is a creditor to the Debtor pursuant to a written lease dated February 14, 1992 ("Lease") between the Landlord's predecessor, Griswold Mall Associates Limited

---

[1] All references to the Bankruptcy Code shall mean Title 11 of the United States Code. All references to the Bankruptcy Rules shall mean the Federal Rules of Bankruptcy Procedure.

Partnership ("Partnership"), as landlord, and the Debtor's predecessor in interest, Bertucci's Restaurant Corp., a Massachusetts corporation ("Predecessor"), as tenant. Pursuant to the Lease, the Partnership leased to the Predecessor the business premises located at 2882 Main Street, Town of Glastonbury, County of Hartford, State of Connecticut ("Premises"). The Premises, together with and including other property owned by the Partnership, comprise a Shopping Center Development known as the Griswold Mall (see Lease, Section 1). A true and accurate copy of the Lease is annexed as Exhibit A.

4.      The original lease has been amended four times. On March 21, 2000, the Predecessor and the Partnership entered into a First Amendment of Lease ("First Amendment"). The First Amendment increased the Premises to include an additional 1,318 of space at 2880 Maine Street, Glastonbury, Connecticut. The First Amendment also altered the rent to be charged under the Lease and extended the Lease term. A true and accurate copy of the First Amendment is annexed as Exhibit B and more fully describes the changes to the Lease terms.

5.      On April 27, 2012, the Predecessor and the Partnership entered into a Second Amendment of Lease ("Second Amendment") which further altered the term of the Lease and modified the base rent to be charged under the Lease. A true and accurate copy of the Second Amendment is annexed as Exhibit C and more fully describes the changes to the Lease terms.

6.      On March 26, 2018, the Predecessor and the Landlord entered into a Third Amendment of Lease ("Third Amendment") which further altered the term of the Lease and modified the base rent to be charged under the Lease. A true and accurate copy of the Third Amendment is annexed as Exhibit D and more fully describes the changes to the Lease terms.

7.      On June 1, 2018, the Predecessor and other affiliates entered into an Assignment and Assumption of Leases ("Assignment") pursuant to which the Lease along with leases for other restaurant locations were assigned to and assumed by the Debtor. A true and accurate copy

of the Assignment is annexed as Exhibit E and more fully describes the terms of the Lease assignment.

8. On May 7, 2020, the Debtor and the Landlord entered into a Fourth Amendment to Lease Agreement ("Fourth Amendment") which provided for a partial deferment of rent and subsequent repayment of the deferred rent. A true and accurate copy of the Fourth Amendment is annexed as Exhibit F and more fully describes the deferment and repayment of rent under the Lease.

9. On September 2, 2020, the Debtor and the Landlord entered into a Fifth Amendment to Lease Agreement ("Fifth Amendment") which provided for a deferment of base rent under the Lease in the amount of $10,000.00 per month for the months of August, September, and October, 2020, and further provided for the repayment of deferred rent over time. A true and accurate copy of the Fifth Amendment is annexed as Exhibit G and more fully describes the deferment and repayment of rent under the Lease.

10. On December 21, 2020, the Debtor and the Landlord entered into a Sixth Amendment to Lease Agreement ("Sixth Amendment") which was based upon the adverse impacts of COVID 19 pandemic, provided for a further deferment of base rent under the Lease and the later repayment of the deferred rent. A true and accurate copy of the Sixth Amendment is annexed as Exhibit H and more fully describes the deferment and repayment of rent under the Lease.

11. Rent and additional rent, as those terms are defined in the Lease, are due of the 1st of each month during the term of Lease. The Lease is an unexpired lease of nonresidential real property.

12. Pre-petition unpaid rent incurred by the Debtor are as follows:

| Item | Amount |
|---|---|
| Back Rent – 4 months | $102,269.14 |
| Unpaid Deferred Rent | $9,999.90 |
| Shortage of CAM share through June, 2022 | $8,467.53 |
| Accumulated Late Fees | $21,476.70 |
| Interest on Unpaid Rent | $2,380.62 |
| Total | $144,594.39[2] |

13. As of the date of filing this Motion there is a post-petition default under the Lease as the rent due January 1, 2023 has not been paid.

**Relief Requested and Legal Basis**

14. The Debtor continues to occupy the Premises and is utilizing its occupancy to generate operating revenue. The Debtor has a post-petition obligation under Section 365(d)(3) of the Bankruptcy Code to timely perform its obligations under the Lease as amended. Section 365(d)(3) of the Bankruptcy Code requires that a debtor-in-possession timely perform all of the obligations arising from and after order for relief as to an unexpired lease of nonresidential real property until such lease is assumed or rejected.

15. The Debtor's failure to pay post-petition rent and related charges to the Landlord as required by the Lease would violate § 365(d)(3) of the Bankruptcy Code. The Landlord requests that the Court enter an order compelling the Debtor to timely pay to the Landlord all

---

[2] Monthly base rent under the Lease $25,567.41. The Deferred Rent was allowed to assist the tenants in the Center with COVID-19 related operating losses. CAM is calculated at the end of the Landlord's fiscal year in June.

post-petition rent, additional rent and related charges due under the terms of the Lease, as amended, and require the Debtor to reimburse the Landlord for its reasonable attorneys' fees and costs incurred in bringing this Motion.

16.  In addition, attorneys' fees due under the Lease is compensable and should be immediately paid.  *See LJC Corp. v. Boyle,* 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re BAB Enterprises, Inc.,* 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.,* 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill, Inc.,* 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986). Accordingly, the Debtor must reimburse the Landlord for its reasonable attorneys' fees and costs incurred in preparing and prosecuting the Motion.

17.  Debtor requests the Court enter an order compelling the Debtor to timely perform its obligations under the Lease and granting such other and further relief as may be just and proper.

Dated: January 4, 2023.

*/s/ Richard Johnston, Jr.*
Richard Johnston, Jr.
Florida Bar No. 0340995
Johnston Law, PLLC
7370 College Parkway, Suite 210
Fort Myers, FL 33907
Telephone: 239-600-6200
Facsimile: 877-727-4513
richard@richardjohnstonlaw.com
Attorney for Creditor, Griswold Mall Associates LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via CM/ECF electronic mail, this **4th** day of January, 2023, to:

United States Trustee
R. Scott Shuker, Debtor's counsel
Mariane L. Dorris, Debtor's counsel
All attorneys of record

**And via U.S. Mail to:**
Bertucci's Restaurants, LLC
4700 Millenia Blvd., Suite 400
Orlando, FL 32836

Mailing Matrix

*/s/ Richard Johnston, Jr.*
Richard Johnston, Jr.