**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:                                                                        Chapter 11

BERTUCCI'S RESTAURANTS, LLC,                          Case No. 6:22-bk-04313-GER

      Debtor.
_____/

### 153 W. HANCOCK STREET LIMITED PARTNERSHIP'S MOTION FOR ENTRY OF ORDER COMPELLING DEBTOR TO TIMELY PERFORM OBLIGATIONS UNDER THE LEASE AGREEMENT AS AMENDED AND EXTENDED

    153 W. Hancock Street Limited Partnership ("Landlord" or "Hancock"), by and through its undersigned counsel, pursuant to § 365(d)(3) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), moves this Court for entry of an order directing the Bertucci's Restaurants, LLC (the "Debtor") to timely perform its obligations under an unexpired lease of nonresidential real property with Hancock.

### INTRODUCTION

    1.    The Debtor has failed to pay any post-petition rent. Although the Debtor filed a number of emergency motions to reject nonresidential real property leases such as its lease with Hancock at the commencement of its case, it has not sought to reject Hancock's lease. Instead, the Debtor continues to occupy these premises in contravention of the requirements of section 365(d)(3) of the Bankruptcy Code. An order should be entered directing the Debtor to comply with its obligations, or alternatively to reject the lease.

### BACKGROUND

    2.    Hancock and the Debtor are parties to a written lease dated May 19, 2003, as most recently amended on May 21, 2020 (the "Lease"). The Debtor presently occupies the business premises commonly known as 15 Newbury Street, West Peabody, Massachusetts 01960.

This is a stand-alone building (not a shopping center) in which the Debtor operates a restaurant.

3. Rent and additional rent, as those terms are defined in the Lease, are due on the first business day of each month during the term of Lease. Base rent is $19,250.00 per month. Copies of the original Lease, with the first and second amendments thereto, are attached as Exhibits "A", "B" and "C".

4. The Second Amendment provided for a complete deferment of rent under the Lease in the amount of $19,250.00 for each of the months of April, May and June of 2020.

5. On August 24, 2022, the term of the Lease was extended for a five year period, from March 31, 2023 through and including March 31, 2028.

6. On December 5, 2022 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. No trustee has been appointed and the Debtor has continued to operate its business as a debtor-in-possession. At the time it filed its Petition for Relief, the Debtor was in default under the Lease for failure to make the rent payment due for November and December of 2021.

7. The Debtor has not made any payments of rent since it filed it Petition for Relief and is in default under the Lease.

**ARGUMENT**

8. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). This Motion is made pursuant to 11 U.S.C. § 365(d)(3) and Rule 6006 of the Federal Rules of Bankruptcy Procedure.

9. Section 365(d)(3) of the Bankruptcy Code requires that a debtor-in-possession timely perform all of the obligations arising from and after order for relief as to an unexpired lease of nonresidential real property until such lease is assumed or rejected.

10. The Debtor continues to occupy the Premises and is utilizing its occupancy to generate operating revenue. The Debtor has an unrequited post-petition obligation under

Section 365(d)(3) of the Bankruptcy Code to timely perform its obligations under the Lease as amended and recently extended. If the Lease had not been extended this past August, when the Debtor was in all likelihood insolvent, the lease term would have expired this March.

11. The Debtor's failure to pay post-petition rent and related charges to the Landlord as required by the Lease clearly violates section 365(d)(3) of the Bankruptcy Code.

## **CONCLUSION**

12. In view of the Debtor's knowledge that it needed to reject leases for locations that were problematic at the commencement of its case, coupled with its failure to pay ongoing post-petition rent and related charges under its Lease with Hancock, this Court should enter an order directing the Debtor to cause the Landlord to actually receive prorated, post-petition rent for December of 2022, and rent for January of 2023, within three business days of the date of its entry, the failure of which shall be deemed a rejection of its Lease, and providing Hancock with all other relief which is appropriate under the circumstances.

Dated January 10, 2023.

*/s/ Eric A. Rosen*
Eric A. Rosen
Fla. Bar No. 36426
Email: erosen@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Northbridge Centre, 515 North Flagler Drive
Suite 2100
West Palm Beach, Florida 33401
Telephone:   (561) 802-9044
Facsimile:   (561) 802-9976

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically through CM/ECF on January 10, 2023, to all parties having appeared electronically in the instant matter.

*/s/Eric A. Rosen*