**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:                                                    CASE NO.: 6:22-bk-04313-GER

BERTUCCI'S RESTAURANTS, LLC,            CHAPTER 11

              Debtor.

_____/

**NOTICE OF FILING**

 **BERTUCCI'S RESTAURANTS, LLC** (the "Debtor"), by and through undersigned

counsel, hereby gives notice of filing the attached: (i) **AFFIDAVIT OF BRIAN CONNELL IN**

**SUPPORT OF DEBTOR'S EMERGENCY MOTION FOR APPROVAL OF PAYMENTS**

**TO CERTAIN CRITICAL VENDORS** attached hereto as **Exhibit "A"** relating to the Motion

for Approval of Payments to Certain Critical Vendors (Doc. No. 125); and (ii) the

**AGREEMENT FOR SALE OF LIQUOR LICENSE** between the Debtor and 629 Cross Keys

Licensee LLC attached hereto as **Exhibit "B"**, relating to *Debtor's Motion for Entry of an Order*

*Authorizing and Approving Sale of Liquor License to 629 Cross Keys, LLC Free and Clear of All*

*Liens Claims and Encumbrances* (Doc. No. 81).

 **RESPECTFULLY SUBMITTED** this 7th day of February 2023.

                                                   /s/ R. Scott Shuker
                                                   R. Scott Shuker, Esq.
                                                   Florida Bar No. 0984469
                                                   rshuker@shukerdorris.com
                                                   Mariane L. Dorris, Esq.
                                                   Florida Bar No. 173665
                                                   mdorris@shukerdorris.com
                                                   **SHUKER & DORRIS, P.A.**
                                                   121 S. Orange Ave., Suite 1120
                                                   Orlando, Florida 32801
                                                   Telephone: (407) 337-2060
                                                   Facsimile: (407) 337-2050
                                                   *Attorneys for the Debtor*

1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the **NOTICE OF FILING**, along with its referenced exhibit, has been furnished via CM/ECF, electronically, or by U.S. First Class Mail to: **DEBTOR**, **BERTUCCI'S RESTAURANTS, LLC,** 4700 Millenia Blvd., Suite 400, Orlando, FL 32836; **PHL HOLDINGS, LLC,** c/o Jason B. Burnett, Esq., GRAYROBINSON, P.A., 50 North Laura Street, Suite 1100, Jacksonville, FL 32202 (Jason.Burnett@Gray-Robinson.com) and Kenneth B. Jacobs, Esq., GRAYROBINSON, P.A., 50 North Laura Street, Suite 1100, Jacksonville, FL 32202 (ken.jacobs@gray-robinson.com); **629 CROSS KEYS, LLC.,** c/o Julie M. Murphy, Esq., Stradley Ronon Stevens & Young, LLP, 457 Haddonfield Rd., Ste 100, Cherry Hill, NJ 08002-2223 (Jmmurphy@stradley.com) and Lauren A. Beetle, Esq., Hylan Levin Shapiro, 6000 Sagamore Dr., Ste. 6301, Marlton NJ 08053-3900 (Beetle@hylandlevin.com); **NEW JERSEY DIVISION OF ALCOHOLIC BEVERAGE CONTROL,** 140 East Front Street, 5th Floor, P.O. Box 087, Trenton, NJ 08625-0087; all parties entitled to receive CM/ECF noticing in the ordinary course; **the Local Rule 1007-2 parties-in-interest,** as shown on the matrix attached to the original of this notice filed with the Court; **CREDITORS' COMMITTEE,** c/o Mark Wolfson, Esq., 100 N. Tampa St., Ste 2700, Tampa, FL 33602; and the **U.S. TRUSTEE'S OFFICE**, 400 W. Washington St., Ste. 1120, Orlando, FL 32801 on this 7th day of February 2023.

/s/ R. Scott Shuker, Esq.
R. Scott Shuker, Esq.

Label Matrix for local noticing
113A-6
Case 6:22-bk-04313-GER
Middle District of Florida
Orlando
Tue Feb  7 09:18:39 EST 2023

Bertucci's Restaurants, LLC
4700 Millenia Blvd., Ste. 400
Orlando, FL 32839-6020

James Hoffman
Offit Kurman, P.A.
7501 Wisconsin Avenue
Suite 1000W
Bethesda, MD 20814-6604

153 West Hancock Street Associates, LP
FOWLER WHITE BURNETT, P.A.
Northbridge Centre
515 North Flagler Drive, Suite 2100
West Palm Beach, FL 33401-4332

AFA Protective Systems, Inc.
155 Michael Drive
Syosset, NY 11791-5310

Best Petroleum LLC
Country Manor Norwood Trust
40 Grove St., Unit 430
Wellesley, MA 02482-7774

(p)C H  ROBINSON WORLDWIDE  INC
ATTN BANKRUPTCY TEAM BILL GLAD
14701 CHARLSON ROAD
SUITE 2400
EDEN PRAIRIE MN 55347-5076

C.H. Robinson Worldwide, Inc.
c/o Mark A. Amendola, Esq.
Martyn and Associates Co.
820 W. Superior Ave., Tenth Floor
Cleveland, OH 44113-1827

CIL Walkers LLC
c/o Bank of America, N.A.
PO Box 105576
Atlanta, GA 30348-5576

Canton R2G Owner LLC
PO Box 411261
Boston, MA 02241-1261

Christine Pageau
c/o Alicia M. Kupcinskas, Esq.
Brennan Manna Diamond PL
5210 Belfort Road, Suite 400
Jacksonville, FL 32256-6050

Concord Retail Partners, L.P.
c/o Dana S. Plon, Esquire
Sirlin Lesser & Benson, P.C.
123 South Broad Street, Suite 2100
Philadelphia, PA 19109-1042

Condord Gallery, Inc.
c/o Andrew L. Cole, Esq.
Cole Schotz P.C.
P.O. Box 7189
Wilmington, DE 19803-0189

Creditor's Committee, c/o
Mark Wolfson, Esq.
100 North Tampa Street
Suite 2700
Tampa, FL 33602-5810

D&H 402-A Pad
c/o Bodie B. Colwell, Esq.
Preti Flaherty, LLP
PO Box 9546
Portland, ME 04112-9546

D&H 402-A Pad
c/o John M. Sullivan
Preti Flaherty Beliveau & Pachios PLLP
PO Box 1318
Concord, NH 03302-1318

D&H 402A Pad Partnership TS
c/o Caron & Bletzer
PO Box 969
Kingston, NH 03848-0969

Ecolab Inc.
c/o Kohner, Mann & Kailas, S.C.
4650 North Port Washington Rd.
Milwaukee, WI 53212-1077

Frontier Dr Metro Center LP
Lockbox #283523
PO Box 713523
Philadelphia, PA 19171-3523

Griswold Mall Associates, LLC
c/o Richard Johnston, Jr.
JOHNSTON LAW, PLLC
7370 College Parkway, Suite 210
Fort Myers, FL 33907-5559

Lincoln Plaza Assoc
PO Box 829424
Philadelphia, PA 19182-9424

MNH Mall, LLC
Mall of New Hamphire
14184 Collections Center Dr
Chicago, IL 60693-0001

MOBO Systems
285 Fulton St
Floor 82
New York, NY 10007-0166

Mall at Rockingham LLC
Mall at Rockingham Park
14165 Collections Center Dr
Chicago, IL 60693-0001

Mall at Solomon Pond, LLC
14199 Collections Center Dr
Chicago, IL 60693-0001

Medford Wellington Service Co., Inc.
c/o Kate P. Foley, Esq.
Mirick O'Connell
1800 West Park Dr., Ste 400
Westborough, MA 01581-3960

Medford Wellington Service Co., Inc.
c/o Paul W. Carey, Esq.
Mirick O'Connell
100 Front Street
Worcester, MA 01608-1425

NCR CORPORATION
c/o Ashley Thompson, Law Department
864 Spring Street , NE
Atlanta, GA 30308

NCR Corporation
P.O. Box 198755
Atlanta, GA 30384-8755

Norwood Country Manor LLC
c/o Gillian D. Williston, Troutman Peppe
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462-3038

PB Restaurants, LLC
11 West 42nd Street
Orlando, FL 32839

PHL Holdings, LLC
c/o Jason B. Burnett, Esq.
GrayRobinson, P.A.
50 North Laura Street, Suite 1100
Jacksonville, FL 32202-3611

PHL Holdings, LLC
c/o Kenneth B. Jacobs, Esq.
GrayRobinson, P.A.
50 North Laura Street, Suite 1100
Jacksonville, FL 32202-3611

RPT Realty, L.P.
c/o Ilan Markus
Barclay Damon LLP
545 Long Wharf Drive, 9th Floor
New Haven, CT 06511-5960

Reward Network
540 W Madison St
Suite 2400
Chicago, IL 60661-2562

Rewards Network Establishment Services Inc.
c/o Gabriel M. Hartsell
2398 E. Camelback Road
Suite 760
Phoenix, AZ 85016-9005

Route 140 School Street, LLC
c/o Paul W. Carey, Esq.
Mirick O'Connell
100 Front Street
Worcester, MA 01608-1425

SIMON PROPERTY GROUP, INC.
c/o Ronald M. Tucker, VP & Bankruptcy Co
225 West Washington Street
Indianapolis, IN 46204-3438

SPRINGFIELD SQUARE CENTRAL, LP
c/o Robert Langer
1001 Baltimore Pike
Springfield, PA 19064-2800

SYSCO Corporation
1390 Enclave Parkway
Houston, TX 77077-2099

Simon Property Group, Inc.
225 West Washington Street
Indianapolis, IN 46204-3438

Snowden Holdings, LLC
c/o Daniel E. Etlinger, Esq.
Jennis Morse Etlinger
606 E. Madison Street
Tampa, FL 33602-4029

Snowden Holdings, LLC
c/o David S. Jennis Esq.
Jennis Morse Etlinger
606 E. Madison Street
Tampa, FL 33602-4029

Springfield Square Cent LP
c/o Continental Dev. LLC
1604 Walnut St - 5th Floor
Philadelphia, PA 19103-5421

St. John Properties, Inc - B
Accounts Receivable
PO Box 62784
Baltimore, MD 21264-2784

The Grossman Companies, Inc.
c/o Jennifer V. Doran, Esq.
Hinckley Allen & Snyder
28 State Street
Boston, MA 02109-1776

TriMark United East
PO Box 845377
Boston, MA 02284-5377

W/S/M Hingham Properties LLC
c/o Paul W. Carey, Esq.
Mirick O'Connell
100 Front Street
Worcester, MA 01608-1425

Wildwood Est. of Braintree
PO Box 859059
Braintree, MA 02185-9059

Michael A Paasch +
Mateer & Harbert PA
Post Office Box 2854
Orlando, FL 32802-2854

R Scott Shuker +
Shuker & Dorris, P.A.
121 South Orange Avenue, Suite 1120
Orlando, FL 32801-3238

Jason B. Burnett +
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202-3611

Kenneth B Jacobs +
GrayRobinson, P.A.
50 North Laura Street, Suite 1100
Jacksonville, FL 32202-3611

Richard A Johnston Jr.+
Johnston Law, PLLC
7370 College Parkway
Ste 210
Ft. Myers, FL 33907-5559

Mark J. Wolfson +
Foley & Lardner
100 North Tampa Street, Suite 2700
PO Box 3391
Tampa, FL 33601-3391

United States Trustee - ORL +
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Ronald M Tucker +
Simon Property Group
225 West Washington Street
Indianapolis, IN 46204-3438

Kevin A Reck +
Foley & Lardner LLP
301 E. Pine Street, Suite 1200
Orlando, FL 32801-2703

Bradley S Shraiberg +
Shraiberg Page P.A.
2385 NW Executive Center Drive
Suite 300
Boca Raton, FL 33431-8530

Jeffrey Kurtzman +
Kurtzman Steady, LLC
555 City Avenue
Ste 480
Bala Cynwyd, PA 19004-1142

Paul W Carey +
Mirick O'Connell DeMallie & Lougee
100 Front Street
Worcester, MA 01608-1477

Isaac M Gabriel +
Dorsey & Whitney LLP
2398 E. Camelback Road
Suite 760
Phoenix, AZ 85016-9005

Mark A Amendola +
Martyn and Associates
820 Superior Avenue, Northwest
Tenth Floor
Cleveland, OH 44113-1827

Michael L Schuster +
Ballard Spahr, LLP
1225 17th Street, Suite 2300
Denver, CO 80202-5535

Dana S Plon +
Sirlin Gallogly & Lesser PC
123 South Broad Street
Suite 2100
Philadelphia, PA 19109-1042

Eric A Rosen +
Fowler White Burnett, P.A.
515 North Flagler Drive, Suite 2100
West Palm Beach, FL 33401-4332

Leslie C Heilman +
Ballard Spahr,LLP
919 North Market Street, 11th Floor
Wilmington, DE 19801-3023

Ilan Markus +
LeClairRyan A Professional Corporation
545 Long Wharf Drive
Ninth Floor
New Haven, CT 06511-5960

Kate Foley +
Mirick O'Connell DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581-3960

Andrew L Cole +
Cole Schotz P.C.
300 East Lombard Street, Suite 1450
Baltimore, MD 21202-3242

Michael S Provenzale +
Lowndes Drosdick Doster Kantor & Reed PA
Post Office Box 2809
Orlando, FL 32802-2809

Alicia M Kupcinskas +
Brennan Manna Diamond
5210 Belfort Road, Suite 400
Jacksonville, FL 32256-6050

David S Jennis +
Jennis Morse Etlinger
606 East Madison Street
Tampa, FL 33602-4029

Audrey M Aleskovsky +
Office of the United States Trustee
George C. Young Federal Building
400 West Washington St, Suite 1100
Orlando, FL 32801-2210

Gabriel M Hartsell +
Dorsey & Whitney LLP
2398 E. Camelback Road
Suite 760
Phoenix, AZ 85016-9005

Daniel E Etlinger +
Jennis Morse Etlinger
606 East Madison Street
Tampa, FL 33602-4029

Gillian D. Williston +
Troutman Pepper Hamilton Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462-3038

Laurel D Roglen +
Ballard Spahr LLP
919 North Market Street, 11th Floor
Wilmington, DE 19801-3023

Julie M. Murphy +
Stradley Ronon Stevens & Young LLP
Liberty View
457 Haddonfield Road
Suite 100
Cherry Hill, NJ 08002-2223

Bodie Colwell +
Preti Flaherty, LLP
One City Center
PO Box 9546
Portland, ME 04112-9546

John Mark Sullivan +
Preti Flaherty
57 N. Main Street
P.O. Box 1318
Concord, NH 03302-1318

Jennifer Doran +
Hinckley Allen
28 State Street
Boston, MA 02109-1776

Samuel C. Wisotzkey +
4650 N. Port Washington Rd.
Milwaukee, WI 53212-1077

Note: Entries with a '+' at the end of the
name have an email address on file in CMECF

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

C.H. ROBINSON
Robinson Fresh
14701 Charlesto RD, Ste 1400
Eden Prairie, MN 55347

End of Label Matrix
Mailable recipients      83
Bypassed recipients       0
Total                    83

**Exhibit "A"**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| **In re:** | **CASE NO.: 6:22-bk-04313-GER** |
| **BERTUCCI'S RESTAURANTS, LLC** | **CHAPTER 11** |
| Debtor. | ***EMERGENCY RELIEF REQUESTED*** |
| _____/ | ***(Hearing on Tuesday, February 7, 2023 at 10:30 AM)*** |

**AFFIDAVIT OF BRIAN CONNELL**
**IN SUPPORT OF DEBTOR'S EMERGENCY MOTION FOR**
**APPROVAL OF PAYMENTS TO CERTAIN CRITICAL VENDORS**

**STATE OF MASSACHUSETTS** )
                        )
**COUNTY OF** _Middlesex_ )

     **BEFORE ME,** the undersigned authority, personally appeared Brian Connell, who being duly sworn, deposes, and says:

     1.     I am the Chief Financial Officer of Bertucci's Restaurants, LLC (the "Debtor"), and in that capacity have control over the books and records of the Debtor relating to the matters set forth herein, which books and records are maintained by the Debtor in the ordinary course of business. I make this affidavit based upon personal knowledge of the matters set forth herein.

     2.     I have reviewed the *Debtor's Emergency Motion for Approval of Payments to Certain Critical Vendors* (Doc. 125) (the "Motion") filed in the above-referenced bankruptcy case, and Exhibit A attached thereto, as well as the Debtor's vendor's relationships which are the subject of the Motion.

     3.     I submit this Affidavit in support of the Motion and I am authorized to submit this Affidavit on behalf of the Debtor.

**Exhibit "A"**

4.      Under the state laws and regulations of Connecticut, Delaware, Massachusetts, Maryland, New Hampshire, New Jersey, and Virginia, the Debtor is required to purchase its alcohol from state-approved vendors.

5.      The critical vendors listed on Exhibit A to the Motion are state-approved vendors of alcohol and beverages to certain restaurant locations of the Debtor in Connecticut, Delaware, Massachusetts, Maryland, New Hampshire, New Jersey, and Virginia.

6.      The critical vendors listed on Exhibit A to the Motion have stopped providing product to the Debtor and have stated that they will continue to withhold deliveries absent payment of their respective pre-petition amounts owed.

7.      Without these deliveries, sales and operations at the affected restaurants will be suffer, which in turn will negatively impact the Debtor's overall reorganization efforts.

8.      Pursuant to the governing state laws and regulations, the Debtor has no alternative source(s) by which it can obtain its necessary alcohol and beverage supplies.

9.      Under penalty of perjury, I verify that I have read this Affidavit, the Motion, Exhibit A to the Motion, and that the facts stated are true and correct.

*Remainder of page intentionally blank*

*Signature page follows*

**Exhibit "A"**

**FURTHER AFFIANT SAYETH NOT.**

_____

BRIAN CONNELL, Chief Financial Officer of
Bertucci's Restaurants, LLC

**STATE OF MASSACHUSETTS**    )
                                               )
**COUNTY OF** _Middlesex_    )

Sworn to and subscribed before me this ____ day of February 2023, by Brian Connell, in his capacity
as Chief Financial Officer of Bertucci's Restaurants, LLC, who is personally known to me or who
did provide proof of identification _____.

_____

Signature of Person Taking Acknowledgment
Print Name: _Christine Wills_
Title:  Notary Public
Serial No. (if any) _____
Commission Expires: _____

[NOTARY SEAL]

CHRISTINE M. WILLS
NOTARY PUBLIC
Commonwealth of Massachusetts
My Commission Expires
September 25, 2026

3

**Exhibit "B"**

## AGREEMENT FOR SALE OF LIQUOR LICENSE

THIS AGREEMENT FOR SALE OF LIQUOR LICENSE ("Agreement") dated as of this ___ day of _____ 2023, is made by and between Bertucci's Restaurants LLC, a Florida limited liability company, with an address at 4700 Millenia Boulevard, Suite 400, Orlando, Florida 32839 ("Seller") and 629 Cross Keys Licensee LLC, a New Jersey limited liability company, with an address at 1222 Jennifer Lane, Stafford Township, New Jersey 08050, its assignee or nominee ("Buyer").

### WITNESSETH:

WHEREAS, Seller is the owner of New Jersey Plenary Retail Consumption License No. 0415-33-040-003 (the "License") issued by the Township of Gloucester (the "Township"); and

WHEREAS, Seller has filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), which petition is pending before the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court") at Case. No. 22-bk-04313 (the "Bankruptcy Case");

WHEREAS, Seller is willing to sell and Buyer is willing to buy the License under the terms and conditions set forth herein;

NOW, THEREFORE, in consideration of the mutual promises contained herein, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound hereby, agree as follows:

1.  <u>Sale and Purchase of License</u>.  Seller agrees to sell and Buyer agrees to purchase the License on the terms and conditions stated herein.

2.  <u>Effective Date</u>. The Effective Date of this Agreement for all purposes where such date is referenced herein shall be the date on which both, or if executed separately, the last of the parties, signs this Agreement, which date shall be inserted at the top of the first page hereof.

3.  <u>Purchase Price</u>. The purchase price to be paid to Seller by Buyer for the License is Three Hundred Twenty Thousand Dollars ($320,000.00) ("Purchase Price").  The Purchase Price shall be paid as follows:

    a.  Upon execution of this Agreement, Buyer shall deposit Thirty-Two Thousand Dollars ($32,000.00) ("Deposit") in escrow with Seller's attorney, Post Polak, P.A. ("Escrow Agent").  Escrow Agent shall place the Deposit into a non-interest bearing account; and the Deposit shall be applied to the Purchase Price at the time of closing or disbursed in accordance with this Agreement if such closing does not take place.

**Exhibit "B"**

b.      The balance of the Purchase Price shall be deposited with Escrow Agent in accordance with the provisions of Paragraph 9 below.  The entire Purchase Price (subject to such adjustments as specified herein and reflected on the settlement statement to be executed by the parties at Closing) shall be delivered to Seller at the Closing, provided all contingencies herein have been satisfied or waived (in Buyer's sole discretion), as applicable.

4.      Contingencies.

a.      This Agreement is contingent upon the approval of the person-to-person transfer of the License to Buyer (or its assignee, nominee or affiliate as provided for in Paragraph 6) by the Township and, as may be necessary, the New Jersey Division of Alcoholic Beverage Control ("NJABC") within one hundred fifty (150) days after the date of the Final Order (as hereinafter defined) (the "Approval Period").  Provided that Buyer (or its assignee, nominee or affiliate) has timely applied for the person-to-person transfer and transfer approval has not been obtained within the initial Approval Period, Buyer may, at its option and upon prior written notice to Seller, extend the Approval Period for two (2) additional thirty (30) day periods on or before the expiration of the Approval Period (or, as applicable, the expiration of such then current Approval Period as same may be so extended).  Thereafter, any additional extension of the Approval Period shall be by the mutual consent of the parties and in the event the parties do not mutually agree to any further extensions, the parties shall have the right to terminate this Agreement, in which case the Closing Documents and closing monies shall be returned to the respective depositing parties consistent with Paragraph 5(b) of this Agreement below.  The parties acknowledge this contingency may not be waived and is a condition precedent to Closing in all respects.

b.      In addition to the contingency set forth in Paragraph 4(a) above, in the event any of the conditions set forth below are not satisfied (or waived in the Buyer's sole discretion) prior to the transfer hearing, either party shall have the right to terminate this Agreement upon written notice to the other.  In the event of termination, then the Closing Documents (defined below) and closing monies being held in escrow by the Escrow Agent in accordance with Paragraph 9 below shall be returned to the depositing party and this Agreement shall become null and void and the parties will be relieved of any further obligations herein.

i.      Confirmation from the New Jersey Division of Taxation that the License is free and clear from all liens, monetary encumbrances and delinquent taxes of any nature whatsoever. If the License is subject to any liens, monetary encumbrances or delinquent taxes, Seller shall be responsible for paying or otherwise resolving same out of the closing proceeds, at the time of the Closing, and under all circumstances Seller shall remain solely responsible for any sales tax or other tax liability and the License shall be free, clear and unencumbered when transferred.   Seller shall provide any and all information required to enable Buyer to file a C-9600 form with the New Jersey Department of the Treasury, Division of Taxation, Bulk

<u>Exhibit "B"</u>

Sales Section (hereafter, the "Department") and obtain a tax clearance certificate, and Seller authorizes the Escrow Agent to retain in escrow such sums as may be required by the Department and the parties agree to comply with any such escrow instructions.

ii. Documentary evidence from the Credit Compliance Corporation dated no earlier than two (2) business days prior to Closing that Seller is not listed on any delinquent list maintained by distilled spirits and beer wholesalers operating in New Jersey. In the event that Seller is on COD status as a results of delinquent wholesaler payments, such amounts may, at Seller's option, be paid out of the closing proceeds at the time of Closing or Seller may deliver additional funds in such amounts to the Escrow Agent prior to Closing, however, in all events it shall be a condition precedent to Closing that any delinquent amounts be paid by Seller in full prior to Closing.

iii. Entry by the Bankruptcy Court of a Final Order, which order shall be satisfactory to Buyer in its sole discretion, approving the sale by Seller to Buyer of the License in accordance with the terms hereof, free and clear of all liens, claims and encumbrances pursuant to Section 363(f) of the Bankruptcy Code, entitling the Buyer to all of the protections and immunities of Section 363(m) of the Bankruptcy Code, and finding that the sale is not subject to avoidance pursuant to Section 363(n) of the Bankruptcy Code or any other law or statute (such order, the "Sale Order"). For the purposes of this Agreement, the term "Final Order" shall be deemed to mean a final order of the Bankruptcy Court not subject to reconsideration or appeal.  For purposes of illustration only, if the Bankruptcy Court enters the Sale Order on February 7, 2023, and no appeal is filed, the date of the Final Order will be February 22, 2023, which is the day following the last day of the fourteen (14)-day appeal period. Subject to Section 8 hereof, if the Sale Order in connection with the transfer of the License is appealed, revoked, overturned or not entered prior to Closing (a "Bankruptcy Order Failure"), such a Bankruptcy Order Failure would mean this contingency to Closing has not been satisfied, in which event Buyer would be entitled to terminate this Agreement and receive a return of the Deposit.

iv. Seller's and Buyer's representations and warranties contained in this Agreement shall be remade as of the date of Closing and shall be true, complete, and accurate.

**Exhibit "B"**

    v.   Each of the covenants and obligations of Seller and Buyer required by this Agreement to be performed by it at or prior to Closing shall have been duly performed and complied with in all materials respects as of the Closing.

    vi.   Delivery of all of the items set forth in Paragraphs 9(a) and 9(b), as applicable.

    5.   <u>Transfer of License; Seller's Consent/Cooperation</u>.   After execution of this Agreement, Buyer shall file a license transfer application within thirty (30) days after the date of the Final Order (such time period to be determined consistent with the illustration set forth in Section 4(b) hereof) and shall use good faith, commercially reasonable efforts to pursue the approval of the transfer of the License, and the parties shall take all commercially reasonable actions to satisfy the conditions set forth herein, and at all times thereafter shall exercise reasonable due diligence to fulfill these conditions.   Except as otherwise provided in this Agreement, all costs associated with the application to transfer the License shall be the responsibility of Buyer.   Within ten (10) days following the date of the Final Order (such time period to be determined consistent with the illustration set forth in Section 4(b) hereof), Seller shall deliver an original executed and notarized "Seller's Letter of Consent to Transfer", in form prescribed by the Township, if applicable, and reasonably acceptable to Buyer, to Buyer, its assignee or nominee to be included in the transfer application made to the Township at the time the application is submitted.   Seller agrees to reasonably cooperate with Buyer in connection with Buyer's submission of the license transfer application, which reasonable cooperation shall include, without limitation, Seller's execution, in form reasonably acceptable to Buyer or as required by law or regulation, of all documentation  and certificates required in connection with the license transfer application.

    6.   <u>Assignment</u>.   Buyer shall expressly have the right to assign this Agreement without Seller's consent or approval to (i) any potential third party tenant of the real property located in Gloucester Township, New Jersey owned by Landlord or (ii) any assignee, nominee, affiliate or newly formed entity that is owned by, controlling, controlled by, or under common control with Buyer, Landlord or the principal of Buyer or Landlord.

    7.   <u>Renewal</u>.   Seller agrees to renew the License until such time as the License has been transferred to Buyer.   Any license renewal fees shall be paid by Seller and reimbursed by Buyer to Seller at Closing on a prorated basis as of the date of Closing.   Such renewal shall include any petitions to and/or approvals required of NJABC and/or the Township in connection with the License, including, but not limited to, the filing of a verified petition for a special ruling to permit a renewal of the License, but the cost of any such petitions and/or approvals shall be borne solely by Seller.

8. <u>Default and Remedies</u>.

a.      If Seller refuses to close after the contingencies herein have been satisfied or otherwise defaults in any of its obligations hereunder, Buyer, at its option, may (i) terminate this Agreement by written notice to Seller and receive a return of the Deposit, plus Seller shall reimburse Buyer for (i) all actual, losses and damages and out of pocket third-party losses, damages, costs and expenses incurred by Buyer in connection with this Agreement, and (ii) any actual losses, damages or out-of-pocket third-party costs and expenses incurred by 629 Cross Keys Limited Liability Company, an affiliate of Buyer (the "Landlord"), in connection with Landlord's leasing negotiations for a new tenant at the real property located in Gloucester Township, New Jersey owned by Landlord where the License was previously used, but limited to the extent such leasing negotiations fail solely because the License was not transferred consistent with this Agreement due to Seller's default, including, without limitation, reasonable attorneys' fees and costs and pursue any remedies Buyer may have at law, or  (ii) seek specific performance of this Agreement, and Seller agrees to reimburse Buyer for any attorneys' fees, costs and reasonable expenses incurred in connection with the satisfaction of the conditions of this Agreement, including any action for specific performance.  A Bankruptcy Order Failure shall not be deemed a Seller default (and entitle Buyer to the remedies stated in this Section 8(a)) unless the Bankruptcy Order Failure is caused or instituted by, or the result of the actions, at the behest of, or on behalf of, Seller, its affiliates or related parties.

b.      If Buyer refuses to close after satisfaction of all conditions, Escrow Agent shall promptly pay to Seller the Deposit as full and complete liquidated damages herein.  Said sum shall be paid to Seller as its sole and exclusive remedy by virtue of the inability to calculate damages.  The amount of liquidated damages hereunder is a reasonable forecast of just compensation for the damages that will be sustained by Seller in event of Buyer's breach of its obligations under this Agreement, and the actual damages caused to Seller are uncertain, and incapable or very difficult to estimate.  The parties agree that the liquidated damage amount set forth in this Agreement is reasonable and a fair estimate of Seller's damages.  The parties shall thereafter be released from any further liability herein.

9.      <u>Closing</u>.

a.      Subject to the satisfaction of each and every one of the contingencies set forth in Paragraph 4 above or elsewhere in the Agreement, the delivery of all of the items in Paragraphs 9(b) and 9(c) into escrow with the Escrow Agent, and satisfaction of all other agreements and conditions required by this Agreement prior to the transfer hearing, the closing (the "Closing") of this transaction shall take place at the office of Escrow Agent by overnight mail no later than three (3) business days after the parties' receipt of written verification of the municipal approval of the License transfer from the Clerk's office of the Township of Gloucester, and provided no intervening appeals or objections to the License transfer have been filed or any vacation, appeal, overruling, or revocation of the Sale Order has occurred or been issued.  On the date of the Township's hearing on the transfer, prior to the time of such hearing, or on the business day prior to the hearing if the time of the hearing is such that there is not sufficient time on the day of the hearing, the balance of the Purchase Price, together with

any closing costs of Seller and subject to adjustments as set forth herein and in accordance with a settlement statement (to be approved and executed in advance by both parties), shall be deposited with Escrow Agent (the "Balance Amount") by way of cash (via wire transfer) or attorney trust account check. On the Closing Date,  Escrow Agent shall wire transfer the Deposit and Balance Amount in accordance with the pre-approved settlement statement to the Attorney Trust Account of Seller's attorney, and the Escrow Agent shall simultaneously disburse the Closing Documents (defined below) to Buyer's attorney with copies to Seller's attorney via overnight delivery.

      b.    Prior to the Closing, Seller shall execute and deliver to Escrow Agent, for further delivery to Buyer's attorney as aforesaid, the following items (the "Closing Documents"):

      (1)    Bill of Sale for the License being transferred herein, in form reasonably acceptable to Buyer;

      (2)    Updated certification of Seller's representations and warranties confirming the same are true, correct and complete through the Closing date;

      (3)    Resolution of the Seller authorizing the transfer of the License and confirming the authority of the signatories to act on behalf of and bind the Seller;

      (4)    Copy of the Sale Order, in form and content satisfactory to Buyer in its sole discretion;

      (5)    Such other documents as Buyer's attorney may reasonably require to complete the transfer contemplated herein; and,

      (6)    A counter-signed Settlement Statement (with all agreed adjustments).

Escrow Agent shall confirm that Seller has timely and properly made the aforesaid deliveries prior to the transfer hearing and shall provide copies of all signed documents being held in escrow.

      c.    Prior to the Closing, Buyer shall execute and deliver to Escrow Agent, for further delivery to Seller's attorney as aforesaid, the following items which shall be included as part of the Closing Documents:

      (1)    Such documents as Seller's attorney may reasonably require to complete the transfer contemplated herein; and

      (2)    A counter-signed Settlement Statement (with all agreed adjustments).

      (3)    Updated certification of Buyer's representations and warranties

confirming the same are true, correct and complete through the Closing date.

(4)    Resolution of the Buyer authorizing the purchase of the License and confirming the authority of the signatories to act on behalf of and bind the Buyer.

Escrow Agent shall confirm that Buyer has timely and properly made the aforesaid deliveries prior to the transfer hearing and shall provide copies of all signed documents being held in escrow.

d.    If the application for transfer is denied or rejected at the transfer hearing, this Agreement will become null and void and the Escrow Agent shall return all monies to Buyer and all papers to the party executing them within five (5) days after the date the application for transfer is denied or rejected.

10.    Seller's Representations.  Seller represents to Buyer the following:

a.    It is a duly organized limited liability company validly existing and in good standing under the laws of Florida,  is authorized to do business and is in good standing in the State of New Jersey, and is qualified to own the License and has satisfied all of the requirements and regulations under all applicable law pertaining to holding an interest in the License. Further, the execution, delivery and performance of this Agreement and the consummation of the transactions contemplated hereby have been duly authorized by the proper actions of its members and/or manager as may be necessary, do not and will not violate or conflict with any provisions of its governing documents, or any federal, state or local law, rule or regulation of any such body or any order, arbitration, award, judgment or decree to which the Seller is a party or is bound, and there is no agreement of any kind that would prohibit or restrict Seller's actions.

b.    It is the sole owner of all right, title and interest in and to the License with full power to convey same to Buyer which will be satisfied by the consummation of this Agreement.  There are no other agreements to sell or transfer, options or rights of first offer or rights of first refusal with respect to the License, other than the option in favor of Buyer. The License is free and clear of all liens, claims, encumbrances or restrictions, and will continue to be at the time of Closing, and all taxes and fees, whether federal, state or local, due on the License or in connection with it, have been paid and are not delinquent.  Neither Seller nor the License is listed on any "delinquency list" maintained by the distilled spirits and/or beer wholesalers and Seller shall transfer the License free and clear of any vendors' charges, non-delivery or C.O.D. status.

c.    The License is currently inactive and in good standing with the Township of Gloucester and NJABC and has been properly renewed for the 2022-2023 license term. Seller is obligated to renew the license for the 2023-2024 if the License is not transferred prior to the renewal deadlines under this Agreement, in accordance with Paragraph 7 hereof.  The License has not been revoked or invalidated, and is not currently suspended or to be suspended. The License is not subject to any special conditions, encumbrances or limitations.  Seller is not

aware of any circumstance or any state of facts which would give rise to any future violation of the License.

  d. There are no pending disciplinary actions against the License, either by the Township or NJABC, known to Seller, or of which Seller has actual knowledge, and, to Seller's knowledge, Seller and/or License have not been subject to any investigations within the two year period prior to the Effective Date and Seller has not received any notice of any such investigation of Seller or the License during the two year period.

  e. There are no alcoholic beverage taxes and other taxes due under any tax law of New Jersey nor any outstanding bills for the purchase of alcoholic beverages (including interest and late fees imposed by alcoholic beverage suppliers) under Seller's License, such that the License is subject to attachment under New Jersey tax laws in accordance with N.J.S.A. 33:1-26, nor has Seller received notice of and to the best of Seller's knowledge, there are not any outstanding Notice of Obligation or Notice of Delinquency under N.J.A.C. 13:2-24.2.  Notwithstanding anything contained in this Agreement to the contrary, the parties hereby agree that to the extent there are outstanding bills relating to the License at the time of Closing hereunder, such outstanding bills shall be paid by Seller or the Escrow Agent from the proceeds of the Purchase Price at Closing.

  f. There are no sales taxes due, and Seller is not delinquent in the payment of any taxes, fees, interest, or penalties imposed by any State tax law for which a lien may attach pursuant to N.J.S.A. 54:49-1 or pursuant to the State Tax Uniform Procedure Law, N.J.S.A. 54:48-1, et seq., or any similar State tax law.   Notwithstanding anything contained in this Agreement to the contrary, (i) Seller agrees to cooperate with Buyer's efforts related to the New Jersey bulk sales and tax clearance processes as described in Paragraph 4(b)(i) hereof; and (ii) Seller also agrees to cooperate, in good faith, with Buyer in obtaining the "Licensee Clearance Certificate" required by P.L. 1995, c. 161 in order to transfer the License.  Seller hereby acknowledges and agrees that Seller shall be solely responsible for the full payment of any and all taxes, fees, fines or penalties, imposed by any federal, state or local laws, or any other monetary liens, claims or encumbrances affecting the License incurred or pertaining to any time period prior to the Closing, and that all such taxes, fees and similar liens and encumbrances of any sort be paid and satisfied in full prior to or at Closing.  In the event that any monetary obligation exceeds the Purchase Price, Seller shall be obligated to pay such additional amount to Escrow Agent on or before one (1) business day prior to the date scheduled for the transfer hearing.  Notwithstanding anything contained herein to the contrary, the obligation of Seller with respect to the payment of all monetary obligations described in this Agreement shall survive the expiration or termination of this Agreement.

  g. There are no judgments or liens outstanding at Closing against the License or against the Seller which threaten or encumber the License.

  h. No party has filed, or formally or informally made, raised or lodged, an objection to the sale of the License to Buyer, which objection has not been overruled by the Bankruptcy Court by Final Order.

i.      Seller has taken, and will take, all necessary action with the NJABC, including without limitation to file an amendment to the license application pertaining to the License demonstrating that Seller has filed for bankruptcy, and amending the holder of the license to be held by Seller as debtor in possession;

j.      All of the representations, warranties and covenants made by Seller, as the Debtor, under the Sale Order are incorporated herein by reference.

11.    <u>Buyer's Representations</u>.   Buyer represents to Seller the following:

a.      It is duly qualified to hold an alcoholic beverage license in the State of New Jersey and that Buyer has sufficient financial wherewithal to complete this transaction.

b.      It is a limited liability company duly formed and lawfully existing and in good standing under the laws of the State of New Jersey.

c.      It has the right to make, execute and perform this Agreement; and the execution, delivery and performance of this Agreement does not constitute a violation of Buyer's certificate of formation, operating agreement or any other instrument to which Buyer is a party or by which Buyer may be bound, or, to Buyer's knowledge, any federal, state or local law, rule or regulation of any such body or any order, arbitration, award, judgment or decree to which Buyer is a party or is bound, and there is no agreement of any kind that would prohibit or restrict Buyer's actions.

12.    <u>Choice of Law and Venue</u>.   This Agreement shall be construed in accordance with the laws of the State of New Jersey and, in the event litigation is commenced between the parties in connection with the subject matter of this Agreement, the State of New Jersey, County of Camden shall be the venue for such action.

13.    <u>Broker</u>.   Purchaser and Seller represent and warrant that they have not dealt with any broker so as to cause any such broker to be entitled to a broker's fee or commission and agree to defend and indemnify one another from and against any claims by any brokers claiming such fees or commissions.  The provisions of this paragraph shall survive the Closing.

14.    <u>Communication from Governmental Authorities</u>.   Seller shall serve upon Buyer a copy of any material notice received from NJABC; the Alcohol and Tobacco Tax and Trade Bureau (ATF); the Township; or any other governmental entity with regard to the License within five (5) days of receipt thereof and in all events prior to the Closing.  For purposes of this Section 14, "material" shall include any notice related to (a) the renewal or amendment of the License, (b) concerning or alleging a violation of applicable NJABC regulations, disciplinary charges, statutory violations or local ordinance or code regulations related to the License or the ownership of the License; (c) the License having been placed on COD status; (d) any notice, ruling or other correspondence received from the NJABC or ATF, (e) state or federal tax liens being imposed on or threatened against the License; (e) any other claim raised by a third party  or governing body having jurisdiction over the License that would adversely affect, limit or restrict the License, modify its currently permitted use or operation or affects

**Exhibit "B"**

the ownership of the License, or (f) could result in fines, liens, or monetary encumbrances affecting the License or the ownership of the License.

15.    <u>Notice</u>.  Any report, demand, notice or other communication required or permitted to be given hereunder shall be in writing, and shall be delivered personally or shall be sent by certified or registered mail, return receipt requested, first class postage prepaid to the parties at the addresses set forth below (or to such other addresses as the parties may specify by due notice to the other):

a.        If to Seller, at:

Bertucci's Restaurants LLC
4700 Millenia Boulevard, Suite 400
Orlando, Florida 32839
Attn: General Counsel

with a copy to:

Post Polak, P.A.
425 Eagle Rock Ave., Suite 200
Roseland, New Jersey 07068
Attn:  Douglas Sherman, Esq.
Fax:  (973) 994-1705
Email:  dsherman@postpolak.com

b.        If to Buyer at:

629 Cross Keys Licensee LLC

1222 Jennifer Lane
Manahawkin, NJ 08050

with copies to:

Hyland Levin Shapiro LLP
Lauren A. Beetle, Esq.
6000 Sagemore Drive, Suite 6301
Marlton, NJ 08053
Fax: (856) 355-2901
Email: beetle@hylandlevin.com

Stradley Ronon Stevens & Young LLP
Julie M. Murphy, Esq.
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002

Fax: (856) 321-2415
Jmmurphy@stradley.com

c.          If to Escrow Agent at:

Post Polak, P.A.
425 Eagle Rock Ave., Suite 200
Roseland, New Jersey 07068
Attn: Douglas Sherman, Esq.
Fax: (973) 994-1705
Email: dsherman@postpolak.com

Any notice delivered to a party's designated address by (i) personal delivery, (ii) recognized overnight national courier service, or (iii) registered or certified mail, return receipt requested, shall be deemed to have been received by such party at the time the notice is delivered to such party's designated address. Confirmation by the courier delivering any notice given pursuant to this Section shall be conclusive evidence of receipt of such notice. Each party hereby agrees that it will not refuse or reject delivery of any notice given hereunder, that it will acknowledge, in writing, receipt of the same upon request by any other party and that any notice rejected or refused by it shall be deemed for all purposes of this Agreement to have been received by the rejecting party on the date so refused or rejected, as conclusively established by the records of the U.S. Postal Service or the courier service. Any notice given by an attorney of a party shall be effective for all purposes.

16.   Escrow of Deposit, Balance Amount and Closing Documents.

a.    The Deposit, Balance Amount and Closing Documents shall be delivered to and held by the Escrow Agent in accordance with the provisions of this Agreement. Should any controversy arise between Buyer and Seller under this Agreement, or if, for any reason, the Closing does not occur and either party makes a written demand upon Escrow Agent for payment of the Deposit or Balance Amount or release of the Closing Documents, Escrow Agent shall give written notice to the other party of such demand. Upon receipt of written, mutual instructions signed by both parties, Escrow Agent shall make such payment or release in accordance with the mutual instructions. If Escrow Agent does not receive written, mutual instructions signed by both parties, or if a dispute otherwise occurs between Buyer and Seller, Escrow Agent shall continue to hold such amount or documents (i) until otherwise directed by written, mutual instructions from both parties to this Agreement, or (ii) in accordance with the terms of a final judgment of a court of competent jurisdiction. Notwithstanding anything to the contrary herein, Escrow Agent shall have the right at any time to deposit the Deposit, Balance Amount or Closing Documents with the clerk of the court having jurisdiction in the County of Camden, State of New Jersey. Escrow Agent shall give written notice of such deposit to Seller and Buyer. Upon such deposit, Escrow Agent shall be relieved and discharged of all obligations hereunder arising after the date of such deposit.

b.    The parties acknowledge that Escrow Agent is acting at the request and for

<u>Exhibit "B"</u>

the convenience of Buyer and Seller as a third party to hold and disburse the Deposit, Balance Amount and Closing Documents, and that Escrow Agent shall not be deemed to be the agent to either of the parties.  Seller and Buyer shall jointly and severally indemnify and hold Escrow Agent harmless from and against any loss, liability, costs, claims and expenses, including reasonable counsel fees, incurred in connection with any controversy that arises between Buyer and Seller under this Agreement, except with respect to actions or omissions taken or suffered by Escrow Agent in willful disregard of this Agreement or involving gross negligence on the part of Escrow Agent.

   c. Escrow Agent may act upon any writing believed by it in good faith to be genuine and to be signed and presented by the proper person or entity, and shall not be liable in connection with the performance of any duties imposed upon Escrow Agent by the provisions of this Agreement, except for the Escrow Agent's own willful or  negligent acts or omissions. Escrow Agent shall have no duties or responsibilities except those set forth herein.  Escrow Agent shall not be bound by any modification of this Agreement unless Escrow Agent has received a copy of same signed by both Buyer and Seller, and if its duties as Escrow Agent under this Agreement are affected, then unless Escrow Agent shall have given prior written consent thereto, which consent shall not be unreasonably withheld or delayed.  If Escrow Agent shall be uncertain as to Escrow Agent's duties or rights hereunder, or shall receive instructions from Buyer or Seller which, in Escrow Agent's opinion, are in conflict with any of the provisions hereof, Escrow Agent shall be entitled to treat the Deposit or Balance Amount and Closing Documents pursuant to  paragraph 16.a.

   d. Buyer understands and agrees that, notwithstanding its duties as Escrow Agent hereunder, Escrow Agent is the attorney for Seller, and accordingly, neither its services as Escrow Agent hereunder nor any provision hereof, either expressed or implied, shall restrict or inhibit Escrow Agent in any way from representing Seller in any action, dispute, controversy, arbitration, suit or negotiation arising under this Agreement or under any other agreement or in any manner or context whatsoever, whether or not directly or indirectly involving Seller or Buyer.

   17. <u>Complete Agreement</u>.  This Agreement contains the complete understanding and agreement of the parties and replaces any and all earlier written or oral agreements in their entirety.  This Agreement may only be modified by a subsequent written instrument duly executed by both parties. The parties hereto expressly agree that nothing in any order of the Bankruptcy Court or contained in any plan of reorganization or liquidation confirmed in the Bankruptcy case or in any subsequent or converted case of the Debtor shall conflict with or modify the provisions of this Agreement or the terms of the Sale Order.

   18. <u>Counterparts</u>.  This Agreement may be executed and delivered in several counterparts, each of which, when so executed and delivered, shall constitute an original, fully enforceable counterpart for all purposes.

   19. <u>Time Periods</u>.  With respect to any time period set forth in this Agreement, should such time period end on a Saturday, Sunday or legal holiday, the end of such time period shall be deemed to be the next occurring business day.

**Exhibit "B"**

20.  <u>Singular/Plural</u>.       Whenever the context may require, any pronouns used herein shall include the corresponding masculine, feminine or neuter forms, and the singular forms of nouns or pronouns shall include the plural and vice versa.

21.  <u>Partial Invalidity</u>.      If for any reason any provision of this Agreement shall be deemed by a court of competent jurisdiction to be legally invalid or unenforceable, the validity of the remainder of the Agreement shall not be affected and such provision shall be deemed modified to the minimum extent necessary to make such provision consistent with applicable law, and, in its modified form, such provision shall then be enforceable and enforced.

22.  <u>Interpretation</u>. In interpreting any provision of this Agreement, no weight shall be given to, nor shall any construction or interpretation be influenced by, the fact that counsel for one of the parties drafted this Agreement, each party recognizing that it and its counsel have had an opportunity to review this Agreement and have contributed to the final form of same.

23.  <u>Further Assurances</u>.  Each of the parties hereby agrees to execute, acknowledge, and deliver such other documents or instruments as the other may reasonably require from time to time to carry out the purposes of this Agreement.

24.  <u>Subject Headings</u>. The subject heading at the beginning of each paragraph are provided for convenience only and are not intended to modify or amplify the text of the paragraph.

[The remainder of this page left intentionally blank]

**Exhibit "B"**

     IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the first day and date above written.

BERTUCCI'S RESTAURANTS, LLC

By: _____
    Name: Jeffrey C. Sirolly
    Title: Secretary and General Counsel

Date: _____

629 CROSS KEYS LICENSEE LLC

By:_____
    Name:
    Title:

Date: _____