**ORDERED.**

**Dated: April 11, 2023**

_Grace E. Robson_
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| Bertucci's Restaurants, LLC, ) | Case No. 6:22-bk-04313-GER |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

## ORDER SCHEDULING EVIDENTIARY HEARING ON DISCLOSURE STATEMENT

This case came before the Court on April 11, 2023 at 1:30 p.m. for a status conference. The Debtor ("Plan Proponent") has filed a proposed Disclosure Statement (Doc. No. 195) and Plan of Reorganization (Doc. No. 194). After reviewing the pleadings and considering the positions of all interested parties, and for the reasons stated in open Court, it is

**ORDERED**:

1.  <u>Disclosure Statement Hearing</u>. An evidentiary hearing will be held on **May 16, 2023 at 10:00 a.m.** in Courtroom D, Sixth Floor, of the United States Bankruptcy Court, 400 West Washington Street, Orlando, Florida 32801, to consider and rule on the adequacy of the Disclosure Statement and to consider any other matter properly before the Court at that time ("Disclosure Statement Hearing").

2. <u>Continuances</u>. The Disclosure Statement Hearing may be continued from time to time by announcement made in open Court without further notice.

3. <u>Service of Disclosure Statement and Plan</u>. No later than twenty-eight (28) days before the Disclosure Statement Hearing, counsel for the Debtor shall serve the proposed Disclosure Statement and Plan upon all creditors, equity security holders, administrative claim applicants, the trustee (if any), attorney for the creditors' committee (if any), each member of the creditors' committee (if any), Internal Revenue Service, Post Office Box 7346, Philadelphia, PA 19101-7346, the Securities and Exchange Commission, Office of Reorganization, 950 East Paces Ferry Road NE, Suite 900, Atlanta, GA 30326-1382, United States Trustee, 400 West Washington Street, Suite 1100, Orlando, FL 32801, attorneys who have appeared in this case and on professionals who have been employed by the Debtor or any official committee with the approval of the Court, and other parties in interest in the Debtor's case as provided in Federal Rule of Bankruptcy Procedure 3017(d) and Local Rule 1007-2. Counsel shall then promptly file a certificate of such service. For this purpose, counsel shall obtain from the Clerk and use a current mailing matrix. Counsel for the Debtor is further directed to send, without charge, copies of the Disclosure Statement and Plan to any additional party who requests a copy. Failure to serve this Order and file proof of such service may be grounds for dismissal or conversion.

4. <u>Deadline for Objections to Disclosure Statement</u>. If you object to approval of the Disclosure Statement, you must file and serve a written objection no later than 7 days before the Disclosure Statement Hearing. The objection must be served on the Plan Proponent, counsel for the Plan Proponent, the Debtor (if the Debtor is not the Plan Proponent), the Trustee (if any), counsel for the Trustee (if any), counsel for each official committee (if any), the United States Trustee, and the Parties in Interest List set forth in Local Rule 1007-2. The Court will not consider

untimely objections if such delay prejudices the Debtor, other interested parties, or the progress of the case.

5. <u>Amendments to Disclosure Statement to Overcome Objections</u>. The Plan Proponent may file an amended disclosure statement prior to the Disclosure Statement Hearing to cure, meet, or otherwise overcome any timely objections filed in accordance with paragraph 4. The Plan Proponent must serve the amended disclosure statement before the Disclosure Statement Hearing on the objecting parties and the parties listed in paragraph 3. No amended disclosure statement will be approved unless it is a single integrated statement; a mere amendment or supplement to the Disclosure Statement is insufficient. The Court encourages resolving objections by filing an amended disclosure statement as provided in this paragraph so that the amended disclosure statement can be approved at the Disclosure Statement Hearing. If the Plan Proponent fails to resolve objections in this manner, and if the objections are sustained and the Disclosure Statement is not approved at the Disclosure Statement Hearing, then the case may be dismissed or converted at the Disclosure Statement Hearing.

6. <u>Deadline for Election of Application of § 1111(b) of the Bankruptcy Code</u>. An election under § 1111(b) must be filed no later than the date first set for the Disclosure Statement Hearing.

7. <u>Appearance at Disclosure Statement Hearing</u>. Unless the party or witness has been excused by the Court, all parties and witnesses are directed to appear **in-person** at the Disclosure Statement Hearing. Any party or witness seeking to be excused from the requirement to appear in person must file a motion setting forth why the individual cannot appear in person, as well as whether the opposing party consents to the appearance via video. Any request to be excused from the requirement to appear in person shall be by motion filed with the Court at least 7 days prior to Evidentiary Hearing and shall be accompanied by a proposed order. Parties that wish to *listen only*,

who do not anticipate active participation or who lack technology to participate by video, may participate via Zoom (audio only) and must follow the *Procedures Governing Court Appearances Before Judges Vaughan, Robson and Geyer Effective May 1, 2022* on the Court's website under the link to Judge Robson's webpage.[1] To clarify, direct or cross examination of a witness is active participation. No participant may question a witness or make an evidentiary objection if appearing via Zoom audio.

8. <u>Disapproval</u>. If the Court does not approve the Disclosure Statement, then the Court will consider the resulting delay along with all other relevant factors in deciding whether the case should be dismissed or converted at the Disclosure Statement Hearing.

9. <u>Appropriate Attire</u>. You are reminded that Rule 5072-1(b)(17) of the Local Bankruptcy Rules requires that all persons appearing in court should dress in business attire consistent with their financial abilities. Shorts, sandals, shirts without collars, including tee shirts and tank tops, are not acceptable.

10. <u>Security</u>. Avoid delays at Courthouse security checkpoints. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

# # #

Attorney R Scott Shuker is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.

---

[1] http://www.flmb.uscourts.gov/orlando/AppearanceNoticeFinal.pdf?id=1