**ORDERED.**

**Dated: April 17, 2023**

_Grace E. Robson_
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov**

| | |
|---|---|
| In re: | CASE NO.:   6:22-bk-04313-GER |
| BERTUCCI'S RESTAURANTS, LLC | CHAPTER 11 |
| Debtor. | |

**FINAL ORDER GRANTING DEBTOR'S EMERGENCY
MOTION FOR AUTHORITY TO OBTAIN POST-PETITION FINANCING
(RELATED DOC. NO. 166)**

**THIS CASE** came on for final hearing on April 11, 2023 at 1:30 PM (the "Final Hearing") upon the _Debtor's Emergency Motion for Authority to Obtain Post-Petition Financing and Granting Liens and Superpriority Administrative Expense Status_ (Doc. No. 166) (the "DIP Motion") filed on behalf of **BERTUCCI'S RESTAURANTS, LLC** (the "Debtor").

The Court, having considered the DIP Motion, the evidence previously submitted, the arguments of counsel and all parties present at the Hearings, being made aware of the agreement reached on between the Debtor and the Official Committee of Unsecured Creditors (the "Committee") as announced on the record at the Final Hearing, and after due deliberation and consideration, finds that good and sufficient cause exists to grant the requested relief and enters this order ("Final Order"). Accordingly, the Court finds and concludes as follows:

1

(A) This Court has jurisdiction to consider the DIP Motion, pursuant to 28 U.S.C. §§ 157(b) and 1334. The subject matter of the DIP Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

(B) The Debtor represents that: at this time and through June 15, 2023, an immediate and critical need exists for the Debtor to obtain funding in addition to using cash collateral to avoid immediate and irreparable harm to the Debtor's estate and to allow the orderly continuation of the Debtor's business.

(C) For purposes of this Final Order, the term "DIP Loan" means solely the credit facility authorized by this Final Order which reflects the exclusive terms of a post-petition line of credit up to the principal sum of $500,000.00 (the "Loan Amount"), through June 15, 2023 to be provided by PHL Holdings, LLC (the "DIP Lender"), subject to (i) requests being submitted by the Debtor to the DIP Lender (with a copy of counsel for the Committee), (ii) the proceeds of the DIP Loan being used for expenses authorized in and in accordance with the Approved Budget attached hereto as **Exhibit "A"** (the "Approved Budget"), and (iii) the DIP Lender receiving an administrative expense claim equal in priority to all allowed administrative expense claims but without any lien.

(D) While the Debtor asserts that the DIP Loan described in the DIP Motion before modification (the "Original DIP Loan") represents its substantial efforts to obtain a postpetition loan from numerous third-party lenders on terms equal to or better than the Original DIP Loan, and that it was unable to obtain a postpetition loan from any source other than the DIP Lender and on better terms than those described in the original DIP Motion, and the Committee has raised objections to the Original DIP Loan, the Court need not resolve any such disputes at this time in view of the terms of this Final Order.

(E) The DIP Lender has agreed to provide financing pursuant to this Final Order, all on the terms and subject to the conditions set forth in this Final Order.

(F)     The terms of the DIP Loan are more favorable to the Debtor than those available from alternative sources. Based upon the record before the Court and the proffers of counsel for the Debtor and for the DIP Lender at the Hearing, the terms of the DIP Loan and this Final Order have been negotiated in good faith and at arm's-length between the Debtor and the DIP Lender. The funding of the DIP Loan to the Debtor by the DIP Lender pursuant to this Final Order shall be deemed to have been extended by the DIP Lender in good faith, as that term is used in § 364(e), and the DIP Lender shall be entitled to all protections afforded thereby.

(G)     The terms of the DIP Loan and this Final Order are fair and reasonable under the circumstances, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

(H)     The Debtor has requested immediate entry of this Final Order so that the DIP Lender will advance funds in accordance with the Approved Budget. Absent further order of the Court, the total advances under the DIP Loan shall not exceed the Loan Amount.

(I)     The relief granted herein to obtain the DIP Loan is necessary to avoid immediate and irreparable harm to the Debtor's estate. This Court concludes that entry of this Final Order is in the best interests of the Debtor's estate and creditors.

(J)     Notice of the proposed entry of this Final Order has been provided to the U.S. Trustee, the Committee and its counsel, the DIP Lender and its counsel, all known secured creditors of the Debtor, all parties listed on the Local Rule 1007-2 Parties in Interest List for this case, the Debtor's twenty (20) largest unsecured creditors, and certain other parties as listed in the Motion. Requisite notice of the Motion and the relief requested thereby and in this Final Order has been given in accordance with Rule 4001 of the Bankruptcy Rules and Local Rule 2081-1, which notice is sufficient for all purposes and no other notice need be given for entry of this Final Order.

Accordingly, it is **ORDERED** that**:**

1. <u>Final Grant of Motion; Authorization of Financing</u>. The Motion, to the extent and solely as provided herein, is **GRANTED** on a final basis and the Debtor is authorized to:

   a. borrow up to the Loan Amount from the DIP Lender on a final basis through June 15, 2023, on the terms and conditions set forth in this Final Order; and

   b. to take and effect all actions required or necessary for its performance under the terms of this Final Order.

2. <u>Administrative Expense Status.</u> With respect to the DIP Loan, the DIP Lender shall receive an administrative expense claim equal in priority to all administrative expense claims but without any lien.

3. <u>Repayment</u>. The DIP Loan shall be repaid in accordance with the administrative payment terms of any confirmed chapter 11 plan and the applicable provisions of title 11 of the United States Code.

4. <u>Use of Proceeds.</u> The proceeds of the DIP Loan shall be used solely to provide funding to enable the Debtor to continue to operate in accordance with the Approved Budget.

5. <u>Binding Effect: Successors and Assigns.</u> The provisions of this Order shall be binding upon all parties in interest in this Chapter 11 case, including, without limitation, the DIP Lender and the Debtor and their respective successors and assigns (including any Chapter 11 trustee hereafter appointed or elected for the estate of the Debtor or a Chapter 7 trustee appointed in a superseding Chapter 7 case), and shall inure to the benefit of the DIP Lender and the Debtor and their respective successors and assigns. In no event shall the DIP Lender have any obligation to make any extension of credit to any Chapter 7 or Chapter 11 trustee appointed or elected for the estate of the Debtor.

6. <u>Immediate Entry.</u> Sufficient cause exists for immediate entry of this Final Order pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2).

7. <u>Reservation of Rights.</u> Except to the extent of extensions of credit made under the DIP Loan pursuant to this Order, all of which shall be entitled to the protections and benefits

afforded hereby, this Order is without prejudice to the objections, rights, claims, interests and defenses of all parties in interest which objections, rights, claims, interests and defenses are preserved.

8. <u>Service of Order.</u> Promptly after the entry of this Final Order, the Debtor shall mail, by first class mail postage prepaid, a copy of this Final Order to counsel for the DIP Lender, counsel for the Committee, the U.S. Trustee, and all parties who have filed requests for notices under Bankruptcy Rule 2002, all parties on the Local Rule 1007-2 Parties in Interest List for this case, and all other parties entitled to notice under Bankruptcy Rule 4001(c), and shall subsequently file a certificate of service regarding same with the Clerk of the Court.

9. To the extent any provisions in this Final Order conflict with any provisions of the DIP Motion, the provisions of this Final Order shall control.

10. <u>PACA Reservation of Rights</u>. Notwithstanding anything contained herein to the contrary, this Final Order shall not be construed to prime, diminish, or impair the rights and remedies of any trust beneficiary under the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c) ("<u>PACA</u>"), and those rights and remedies are expressly reserved and preserved.

11. <u>Liquor License Sales.</u>  To the extent Debtor receives the proceeds from any sale of a liquor license (the "Sale Proceeds"), the Sale Proceeds will be segregated and placed into a separate DIP Account. The filed Plan of Reorganization (the "Plan") contemplates that these proceeds, with limited exceptions per separate order of the Court, are to be used to fund payment of the proposed distribution to the non-insider unsecured creditors pursuant to the Plan. Consequently, the Sale Proceeds shall be held until further order of the Court.

12. The Court retains jurisdiction to enforce and interpret the terms of this Final Order.

###

Attorney R. Scott Shuker is directed to serve a copy of this order on interested parties and file a proof of service within three (3) days of entry of the order.

**BERTUCCIS CASH FLOW**

**DEBT SHEDULE**

| Period | | | | | | | Week 1 | Week 2 | Week 3 | Week 4 | Week 5 | Week 6 | Week 7 | Week 8 | Week 9 | Week 10 | Week 11 | Week 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Actual/Forecast | Actual | Actual | Actual | Actual | Actual | Actual | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast |
| Week Ending | 26-Feb-23 | 5-Mar-23 | 12-Mar-23 | 19-Mar-23 | 26-Mar-23 | 2-Apr-23 | 9-Apr-23 | 16-Apr-23 | 23-Apr-23 | 30-Apr-23 | 7-May-23 | 14-May-23 | 21-May-23 | 28-May-23 | 4-Jun-23 | 11-Jun-23 | 18-Jun-23 | 25-Jun-23 |
| **DIP Balance** | | | | | | | | | | | | | | | | | | |
| Credit Card ($) | 1,209 | 993 | 1,022 | 931 | 902 | 853 | 1,030 | 997 | 1,083 | 1,102 | 1,192 | 1,132 | 1,071 | 1,087 | 1,150 | 1,072 | 1,077 | 1,064 |
| Cash & Checks ($) | 198 | 157 | 124 | 125 | 139 | 124 | 137 | 133 | 151 | 147 | 172 | 158 | 143 | 145 | 147 | 156 | 144 | 142 |
| CC Commisions | | | | | | | | | | | | | | | | | | |
| Ar Third Party | 210 | 195 | 189 | 199 | 195 | 209 | 206 | 199 | 227 | 220 | 258 | 236 | 214 | 217 | 220 | 234 | 215 | 213 |
| ACH Incoming | | | | | 135 | | | | | | | | | | | | | |
| Tips | 140 | 132 | 127 | 134 | 135 | 179 | 185 | 179 | 204 | 198 | 233 | 213 | 193 | 196 | 198 | 211 | 194 | 192 |
| ACH/Rwards | (50) | (24) | (22) | (26) | (24) | (23) | (50) | (50) | (50) | (50) | (50) | (50) | (50) | (50) | (50) | (50) | (50) | (50) |
| Sales & Use Tax | 89 | 95 | 89 | 88 | 89 | 93 | 96 | 93 | 106 | 103 | 121 | 110 | 100 | 101 | 103 | 109 | 100 | 99 |
| **Total Operating Cash Inflows** | **1,796** | **1,548** | **1,529** | **1,451** | **1,571** | **1,435** | **1,604** | **1,551** | **1,720** | **1,721** | **1,926** | **1,799** | **1,671** | **1,697** | **1,768** | **1,733** | **1,680** | **1,660** |
| **Operating Disbursements** | | | | | | | | | | | | | | | | | | |
| FOOD | (377) | (358) | (344) | (344) | (346) | (307) | (343) | (332) | (378) | (367) | (431) | (394) | (357) | (362) | (367) | (391) | (359) | (355) |
| LBW | (21) | (13) | (16) | (11) | (7) | (18) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (73) | (78) | (72) | (71) |
| Payroll | (955) | (185) | (904) | (163) | (858) | (162) | (850) | (150) | (800) | (150) | (850) | (150) | (850) | (150) | (850) | (150) | (850) | (150) |
| NCR | | | | | | - | | (60) | - | - | (60) | - | - | (60) | | | (60) | |
| General Liability/ Workers Comp | | | - | | | - | | | | (165) | | | | (165) | | | - | (330) |
| Restaurant Supplies | (50) | (78) | (64) | (74) | (68) | (30) | (69) | (66) | (76) | (73) | (86) | (79) | (71) | (72) | (73) | (78) | (72) | (71) |
| Rent | (120) | (175) | (275) | (278) | (190) | (150) | (150) | (200) | (100) | (100) | (250) | (200) | (300) | (200) | (200) | (200) | (200) | (100) |
| Advertising | | (54) | | (12) | | (26) | (14) | (13) | (15) | (15) | (17) | (16) | (14) | (14) | (15) | (16) | (14) | (14) |
| G&A | (10) | (15) | (12) | (59) | (15) | (12) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) |
| Utilities | (35) | (36) | (18) | (48) | (35) | (45) | (69) | (66) | (76) | (73) | (86) | (79) | (71) | (72) | (73) | (78) | (72) | (71) |
| R&M / Trash | - | (75) | | (74) | (35) | | (55) | (53) | (60) | (59) | (69) | (63) | (57) | (58) | (59) | (63) | (57) | (57) |
| Adv Admin | - | | | | | (7) | (7) | (7) | (8) | (7) | (9) | (8) | (7) | (7) | (7) | (8) | (7) | (7) |
| Offiec Supplies | - | | | | | (7) | (7) | (7) | (8) | (7) | (9) | (8) | (7) | (7) | (7) | (8) | (7) | (7) |
| Misc (incl deleivery charges) | (26) | (27) | (26) | (31) | (29) | (24) | (27) | (27) | (30) | (29) | (34) | (32) | (29) | (29) | (29) | (31) | (29) | (28) |
| CAPEX | - | (15) | | | | (15) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) |
| Sales Taxes | (86) | (296) | - | - | (43) | (218) | - | - | (75) | (250) | - | - | - | (75) | (250) | - | - | (75) |
| Tips | (140) | (132) | (127) | (134) | (135) | (179) | (185) | (179) | (204) | (198) | (233) | (213) | (193) | (196) | (198) | (211) | (194) | (192) |
| PACA | (50) | (50) | (49) | | (18) | | | | | | | | | | | | | |
| Other | - | - | - | - | - | | | | | | | | | | | | | |
| **Total Operating Disbursements** | **(1,870)** | **(1,509)** | **(1,834)** | **(1,228)** | **(1,779)** | **(1,199)** | **(1,851)** | **(1,236)** | **(1,904)** | **(1,570)** | **(2,209)** | **(1,315)** | **(2,032)** | **(1,544)** | **(2,252)** | **(1,361)** | **(2,043)** | **(1,578)** |
| **Net Cash flow Operationg** | **(74)** | **39** | **(305)** | **223** | **(208)** | **236** | **(246)** | **315** | **(183)** | **150** | **(283)** | **484** | **(361)** | **153** | **(484)** | **372** | **(363)** | **82** |
| **Beginning Operating Cash** | 85 | 11 | 50 | 45 | 68 | 60 | 195 | 49 | 64 | 81 | 31 | 49 | 233 | 72 | 24 | 40 | 12 | 49 |
| Net Cash Flow | (74) | 39 | (305) | 223 | (208) | 236 | (246) | 315 | (183) | 150 | (283) | 484 | (361) | 153 | (484) | 372 | (363) | 82 |
| DIP LOAN | | | 300 | (200) | 200 | (100) | 100 | (300) | 200 | (200) | 300 | (300) | 200 | (200) | 500 | (400) | 400 | (100) |
| | 1 | 11 | 50 | 45 | 68 | 60 | 195 | 49 | 64 | 81 | 31 | 49 | 233 | 72 | 24 | 40 | 12 | 49 | 31 |
| **Dip Loan Balance** | | 0 | 0 | 300 | 100 | 300 | 200 | 300 | - | 200 | - | 300 | - | 200 | - | 500 | 100 | 500 | 400 |