**ORDERED.**

Dated: September 21, 2023

Grace E. Robson
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov**

| | |
|---|---|
| In re: | CASE NO. 6:22-bk-04313-GER |
| **BERTUCCI'S RESTAURANTS, LLC,** | CHAPTER 11 |
| Debtor. | |
| _____/ | |

**ORDER (1) CONFIRMING DEBTOR'S PLAN OF REORGANIZATION,
(2) SETTING DEADLINES, AND (3) SCHEDULING STATUS CONFERENCE**

**THIS CASE** came on for hearing on September 12, 2023 at 1:30 p.m. (the "Hearing") to consider the Debtor's Plan of Reorganization (the "Plan") (Doc. No. 194); the Affidavit in Support of Confirmation (Doc. No. 354); and the Ballot Tabulation (Doc No. 333) submitted by **BERTUCCI'S RESTAURANTS, LLC** (the "Debtor"), a Florida limited liability company. The Plan was timely transmitted to all creditors and interested holders.

Objections were filed on behalf of Snowden Holdings LLC (Doc. No. 317), Ecolab, Inc. (Doc. No. 323), NCR Corporation (Doc. No. 327), US MJW East Gate I, LLC (Doc. No. 328), and Griswold Mall Associates, LLC (Doc. No. 329) (collectively, the "Objections"). However, based

1

upon agreements as to assumed leases and executory contracts (including related administrative expense claims)[1] the Objections were withdrawn at the Hearing.

At the Hearing, the Court considered the Plan, the Ballot Tabulation, the Affidavit in Support of Confirmation, the proffer of testimony offered by Debtor, and noting the Objections were withdrawn, the Court made findings of fact and conclusions of law as stated orally and recorded in open Court and determined that the requirements of 11 U.S.C. Section 1125 and 11 U.S.C. Section 1129 have been satisfied.

The Court finds that all documents contained in the Plan, and that the filing, notice, and service of such documents were done in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable non-bankruptcy law, and no other or further notice is or shall be required.

Accordingly, it is

**ORDERED** as follows:

1. The Plan is **CONFIRMED**.

2. The Debtor is authorized and directed to execute all agreements and documents contemplated by the Plan and take all needed actions to consummate the Plan.

3. Upon the Effective Date, all actions contemplated by the Plan shall be deemed authorized and approved in all respects (whether to occur before, on or after the Effective Date); all matters provided for in the Plan involving the corporate structure of the Debtor, and any corporate action required by the Debtor in connection with the Plan shall be deemed to have occurred and shall be in effect, without any requirement of further action by the directors or officers of the Debtor; and all actions authorized to be taken pursuant to the Plan shall be effective

---

[1] The pending lease, executory contract, and administrative expense claims are resolved in separate orders.

on, prior to, or after, the Effective Date pursuant to this Order, without further application to, or order of, the Bankruptcy Court, or further action by the respective officers or directors of the Debtor and with the effect that such actions has been taken by unanimous action of such officers and directors.

    4.    Pursuant to Sections 1123(b) and 105 of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, including the service of the Released Parties to facilitate the consummation of the transactions contemplated by the Plan, effective as of the Effective Date (but subject to payment of GUC Payment) the Releasees are deemed released and discharged by the Debtor and its Estate from any and all claims, defenses, counterclaims, demands, damages, obligations, liabilities and causes of action of any kind or nature, whether arising at law or in equity, including, without limitation, all claims and causes of action for contribution and indemnity, fraud, duress, mistake, tortuous interference or usury, which any Debtor or any Estate has or may have, whether presently held or acquired in the future, whether known or unknown, whether liability be direct or indirect, whether presently accrued or to accrue hereafter, or whether or not heretofore asserted, arising from or as a result of any act, omission, communication, occurrence, promise, breach of contract, fraud, violation of any statute or law, or any other matter whatsoever or thing done or omitted by any Releasee, which has occurred in whole or in part, or was initiated at any time, up to and through the Effective Date. The release set forth herein includes, but is not limited to, a release and waiver of any and all claims, counterclaims, and defenses that have been asserted, or could have been asserted, by any Debtor or its Estate against any Releasee in any pending litigation or bankruptcy case, whether known or unknown.

5. **Deadline to File Objections to Claims and Motions to Reject.** The Debtor shall file all objections to claims or motions to reject within ninety (90) days of the Effective Date of the Plan.

6. Pursuant to the Plan and in accordance with § 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of securities pursuant to the Plan, or the transfer of, or creation of any lien on, any property of the Debtor pursuant to the Plan or pursuant to an Order of the Court, shall not be taxed under any law imposing a stamp tax, transfer tax, recordation tax, or similar tax.

7. Pursuant to Bankruptcy Code Section 1141(e) all assets of the Debtor shall vest in the Reorganized Debtor free and clear of all liens, claims, and encumbrances unless such liens, claims and encumbrances were specifically maintained in or granted by the Plan; provided, however, nothing in the Plan or this Confirmation Order shall waive or alter either the Debtor's or US MJW East Gate I, LLC's ("East Gate") rights, claims, encumbrances, options and defenses in respect of Debtor's liquor license for its former Mt. Laurel, New Jersey location (the "Liquor License"). Additionally, to the extent Debtor seeks to sell the Liquor License, it shall first seek approval pursuant to Bankruptcy Code Section 363 and, after notice and hearing, including reasonable advance notice to East Gate, the GUC Agent, and any Carry-over Members of the Post-Confirmation Committee (or their counsel of record at the time), the Court retains jurisdiction to rule on the ability of Debtor to sell the Liquor License free and clear of liens, claims, and encumbrances and whether East Gate can enforce the purchase option contained in the lease between Debtor and East Gate ("Purchase Option"). Further, nothing in the Plan or this Confirmation precludes the right of East Gate or any affiliate of East Gate, from taking any affirmation action, including commencing suit, to enforce the Purchase Option, which rights are

expressly preserved and in the previously entered rejection order;[2] provided, however, any such action shall be brought before this Court in the first instance. To the extent the GUC Payment Amount has not been paid to the GUC Agent as required by the Plan, the GUC Agent's lien in the GUC Collateral attaches to the proceeds of the sale of liquor licenses that are part of the GUC Collateral. In addition, until the GUC Payment Amount has been paid to the GUC Agent, the Debtor shall provide reasonable periodic status reports to the GUC Agent and any Carry-over Members of the Post-Confirmation Committee (or its counsel of record at the time) of the status of sales and closings of liquor licenses that are part of the GUC Collateral.

8. The Debtor shall pay all fees owing to the Office of the United States Trustee within thirty (30) days of entry of this Order for pre-confirmation periods and simultaneously file with the Court the appropriate financial reports indicating the cash disbursements for the relevant period. The Debtor shall continue to pay quarterly fees assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as this Bankruptcy Court enters a final decree closing the Debtor's case or enters an order either converting or dismissing the case.

9. **Post-Confirmation Reporting.** The Debtor shall file with the Bankruptcy Court post-confirmation financial reports for each quarter (or portion thereof) that the Debtor's Chapter 11 case remains open, in the format prescribed by the United States Trustee, until the case is converted or dismissed.

10. **Motion for Final Decree.** Debtor shall file a Certificate of Substantial Consummation and a Motion for Final Decree with thirty (30) days after the later of:

    a. the Effective Date of the Plan; or

---

[2] *See* Doc. No. 305.

      b.      disposition of all objections to claims, adversary proceedings and other contested matters.

11. The Court retains jurisdiction for any and all matters that may come before the Court in the administration of the Plan and pursuant to this Order, specifically including but not limited to, the jurisdiction to determine all objections that have heretofore been or may be filed to claims of creditors; to fix and award all compensation to parties who may be so entitled; to hear and determine all questions concerning the assets or property of the Debtor, including any questions relating to any sums of money, services, or property due to the Debtor; and determine all matters of any nature or type necessary or appropriate to carry out the Plan.

12. **Deadline to File Rejection Damage Claim.** Any claim arising from the rejection of an executory contract or unexpired lease of the Debtor shall be filed with the Court no later than thirty (30) days after the Effective Date or entry of an order rejecting such agreement, whichever is later. Absent the timely filing of such claims, such claims shall be forever barred and disallowed without further order of this Court.

13. A status conference in this case is scheduled for **October 24, 2023 at 10:00 a.m. at the George C. Young Federal Courthouse, 400 W. Washington Street, 6th Floor, Courtroom 6D, Orlando, Florida 32801**.

# # #

Attorney R. Scott Shuker is directed to serve a copy of this Order on all interested parties and file a proof of service within three (3) days of entry of the Order.